UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


UNITED STATES OF AMERICA

v.  Case No. 8:08-cr-252-T-30TBM

ROBERT MANCIAS
_____/

**PRELIMINARY ORDER OF FORFEITURE FOR $8,752.00**
**AND A FORFEITURE MONEY JUDGMENT FOR $13,800.00**

THIS CAUSE comes before the Court upon the filing of the United States' Motion for a Preliminary Order of Forfeiture and a Forfeiture Money Judgment (Doc. 99), which, at sentencing, shall be a final order as to defendant Robert Mancias' right, title and interest in the following:

    a.    $8,752.00 in U.S. currency; and

    b.    a forfeiture money judgment in the amount of $13,800.00.

Being fully advised in the premises, the Court finds as follows:

WHEREAS, the United States has established the requisite *nexus* between offenses in violation of 21 U.S.C. §§ 841(a)(1), 846, and 841(b)(1)(B)(viii) charged in Count One of the Indictment, for which defendant Robert Mancias has been found guilty, and the $8,752.00 in U.S. currency, the government is now entitled to possession of the above described funds, pursuant to the provisions of 21 U.S.C. § 853, and Rule 32.2(b)(2), Fed. R. Crim. P. Further, the court finds that the amount of proceeds the defendant obtained as a result of the methamphetamine conspiracy

charged in Count One is $13,800.00. Accordingly, it is hereby

**ORDERED**, **ADJUDGED**, and **DECREED** that:

1. The Motion (Doc. 99) of the United States is hereby GRANTED.

2. Pursuant to the provisions of 21 U.S.C. § 853 and Rule 32.2(b)(2), all right, title, and interest of defendant Robert Mancias in the $8,752.00 are hereby condemned and forfeited to the United States of America for disposition in according to law, subject to the provisions of 21 U.S.C. § 853.

3. Further, pursuant to the provisions of 21 U.S.C. § 853 and Rule 32.2(b)(2) Robert Mancias is liable to the United States of America for a forfeiture money judgment in the amount of $13,800.00.

4. Following entry of this order, the United States will, pursuant to 21 U.S.C. § 853(n), publish (in such manner as the Attorney General may direct) notice of the forfeiture of the $8,752.00 in U.S. currency, and its intent to dispose of the forfeited funds. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the above-described asset, as substitute for published notice as to those persons so notified.

5. Any person, other than defendant Michael A. Garcia, who has or claims any right, title, or interest in the above-described asset must file a petition with the court for a hearing to adjudicate the validity of his or her alleged interest in the forfeited asset. The petition should be mailed to the Clerk of the United States District Court, Tampa Division, 801 North Florida Avenue, Tampa, Florida 33602, within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

A copy of the Petition should be mailed to A. Brian Albritton, United States Attorney, attention Adelaide G. Few, Assistant United States Attorney, 400 North Tampa Street, Suite 3200, Tampa, Florida 33602.

6. The petition must be signed by the petitioner under penalty of perjury, and must set forth the nature and extent of the petitioner's right, title, or interest in the forfeited asset, and any additional facts surrounding the petitioner's claim and relief sought.

7. After receipt of the petition by the court, the court will set a hearing to determine the validity of the petitioner's alleged interest in the forfeited asset.

8. Upon adjudication of all third-party interests in the above-described asset, this court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853, in which all interests will be addressed.

**DONE** and **ORDERED** in Tampa, Florida on May 7, 2009.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

F:\Docs\2008\08-cr-252.fj forfeit 99.wpd